Walton and another v. the Louisiana State Marine and Fire Insurance Co.

## SAME CASE.

Plaintiffs, who were grocers, had two policies of insurance on their stock in trade
Having subsequently purchased the stock of another grocer, which had been insured
by the defendants, they removed their own stock to the establishment of their vendor,
whose policy had been transferred to them with the consent of defendants. Plain-
tiffs also obtained from their own insurers transfers of the policies on the stock in
their former establishment to the same stock in the store to which they removed.
The policies contained the usual clause requiring notice to the insurers, and an en-
dorsement on the policy, of any other insurance elsewhere on the same stock, on
pain of forfeiture. Plaintiffs omitted to notify defendants of the two insurances,
previously existing on their stock. The stock being injured by fire, in an action
against defendants : *Held*, that, by consenting to the transfer of the policy to the
plaintiffs, defendants became the insurers of the stock in trade of the former in the
store to which they removed, which stock consisted of the goods originally covered
by their policy, and of plaintiffs' stock in their former store ; that the latter were
bound to give defendants notice of the two insurances previously existing on their
stock ; and that, having failed to do so, they cannot recover.

THIS appeal having been dismissed in consequence of an omis-
sion of the clerk to transcribe the final judgment rendered below, a
copy of that judgment was brought up, by consent, and the case
submitted.

*G. Strawbridge*, for the plaintiffs, cited 4 La. 542. 6 Ib. 537.
12 Ib. 176. 4 Mason, 296. 7 Peters, 69.

*L. Janin*, contra, cited 3 Kent's Com. 374. *Harris* v. *Ohio Ins.
Co.* 5 Hammond's Ohio Rep. 466.

MARTIN, J. The plaintiffs purchased the stock in trade of
Lawrence, a grocer, in the stores Nos. 28 and 29 New Levée
street, which was insured in the Louisiana State Marine and Fire
Insurance Company. His policy extended to his stock and con-
signments held in trust, contained in the store. It was transferred
to the plaintiffs with the assent of the Company. At that time
the plaintiffs had a grocery store, and a policy in the Merchant's
Office, and another in the Firemen's Office, each for ten thousand
dollars. The terms of these policies are literally the same as that
of Lawrence. All these policies contained the usual clause that
notice should be given to the Company, and be endorsed on the
policy, of all insurances made with other Companies on the goods
insured ; and that unless such a notice be given, the insured shall
not be entitled to recover.

Soon after the purchase the plaintiffs removed all the goods in their store to Nos. 28 and 29 New Levée street, which now contained all the goods insured by them, and by Lawrence, their vendor.

A fire greatly damaged these goods. The injury was valued at $7564 22, and the object of the present suit is to recover one-half of that sum, the other half having been paid by the two other Companies. The plaintiffs had a verdict and judgment for fifteen hundred dollars, and appealed, after an unsuccessful attempt to obtain a new trial. The defendants pray that the judgment may be reversed, and that ours be in their favor. The counsel for the defendants and appellees has urged that the plaintiffs and appellants cannot recover, because there was a double insurance upon the goods, of which no notice was given. The plaintiffs' counsel contends, that the clause which requires notice of a double insurance is a penal one, and ought not to be extended by implication ; and that it is the business of the defendants' to show, that the goods insured by them were insured by the plaintiffs in the office of another Company. The defendants think that they have done so, by showing that those goods were mixed with others insured elsewhere. The counsel for the appellants asks whether, if the goods insured by the plaintiffs were sugar, and those insured by Lawrence were salt, it could be said that the policy on the salt was a policy on the sugar ; and whether, supposing that the merchandize in the stores Nos. 28 and 29 had been insured in different offices, and the insured had taken down the partition wall and called the enlarged store No. 28, this circumstance would defeat both policies ? He contends that it would not, because the objects insured by each office could be distinctly known, and the loss arising under the two policies easily ascertained. That a circumstance creating a difficulty in fixing the amount of loss chargeable to each, is very different from a double insurance ; and that the difficulty in the present case is chargeable to the defendants, their President having refused to join those of the two other Companies in ascertaining the loss.

The record shows that on the removal of the goods from their store, to Nos. 28 and 29 New Levée streets, the plaintiffs obtained from their insurers a transfer of the policies on the goods in their

former store to the same goods in the stores Nos. 28 and 29. By consenting to the transfer of the policy of Lawrence to the plaintiffs, the defendants became the insurers of the stock in trade of the plaintiffs in Lawrence's former store, which now consisted of the goods purchased from Lawrence and those of the plaintiffs removed from their former establishment. There is no doubt, had the stock in trade of the plaintiffs in their former store been sugar, and that purchased from Lawrence salt, that both the sugar and salt would have constituted the plaintiffs' stock in trade, and that the defendants would have become the insurers of the whole stock, *id est* of the sugar and salt, to the extent of the amount insured, in the same manner as if the plaintiffs, without any purchase from Lawrence, had added a quantity of salt to the sugar which they had in their former store. The former stock in trade of the plaintiffs, and that of Lawrence from the time of the purchase, constituted the stock of the plaintiffs, on which they had an insurance in the office of the defendants for $20,000, under the policy transferred by Lawrence with the consent of the defendants, and two other insurances in the Merchants and Firemen's Insurance Offices, for ten thousand dollars each. The plaintiffs were, therefore, bound to give notice that, independently of the insurance of the defendants' office, their stock in trade was insured elsewhere to an extent equal to that insured by the defendants. Their neglect to give that notice, is properly pleaded in bar to their recovery. It is due to the Judge of the Commercial Court to say that such was his opinion, expressed at full length in the reasons which he gave for refusing a new trial, in which he observed that the verdict ought to have been for the defendants, and was clearly a compromise between what was considered the law and the equity of the case. He thought it useless to send the case to another jury, as the facts were not disputed, and there was no contrariety of evidence ; and as the whole case would be before us upon a mere question of law.

It is, therefore, ordered, that the judgment be annulled, and that ours be for the defendants, with costs in both courts.