## THERÈSE DE FONTENELLE BATTAILLE *v.* THE MERCHANTS INSURANCE COMPANY OF NEW ORLEANS.

Where a policy of insurance provides that, " in case the insured have any other insurance against loss by fire on the property, not notified to the insurers, nor mentioned in or endorsed upon the policy, or shall afterwards make any other insurance thereon, and shall not, with all reasonable diligence, give notice thereof, and have the same endorsed on the policy, or acknowledged in writing, the policy shall be void," proof that another policy was obtained on the property, which was not notified to the insured, will discharge the latter from all liability.

Where one of the conditions of a policy against fire requires, as part of the preliminary proof, without which no recovery can be had, a declaration under oath, " whether any, and what other insurance has been made on the same property," the insured will forfeit his right to recover by failing to comply with the condition.

APPEAL from the District Court of the First District, *Buchanan,* J.

MORPHY, J. This action is brought upon a policy of insurance subscribed by the defendants, whereby they undertook to insure the plaintiff from loss, by fire, on dry goods, millinery, fancy goods, &c., contained in a brick store in Chartres street, to the amount of fifteen thousand dollars. The policy mentions that on the same stock of goods insurance had been effected in the Louisiana State, and the Atlantic Insurance Companies, to the extent of seventeen thousand dollars in each. The petitioner represents that the insurance was made by the defendants, for the space of one year from the 22d of January, 1839, and that, within that period, to wit, on the night of the 17th and 18th of August of the same year, the store, and the goods insured, were destroyed by fire. The defendants admitted the execution of the policy, but pleaded the general issue. The case was tried before a jury, who gave the plaintiff a verdict for $7000. A motion to set aside the verdict as contrary to law and evidence, having been made, without success, judgment was rendered accordingly ; and the defendants appealed.

Were it absolutely necessary for us to pronounce on the facts of this case as they appear from the record, whatever may be our respect for the verdicts of juries in general, we could with difficulty be brought to give our sanction to that obtained by the ap-

pellee in the present instance. From the papers offered by the assured as preliminary proof, the plaintiff claims that her loss on her own stock of goods was $45,700, independent of her fixtures, and goods on consignment. But if these documents be left out of view, as they must be, because they form no part of the legal and contradictory evidence of the case, and were admitted only to show that such preliminary proof was tendered to the underwriters, the testimony adduced by the plaintiff is of the most vague and unsatisfactory character. It does not show with any reasonable certainty the quantity or value of the goods she had in the store, at or near the time of the fire; while, on the other hand, the defendants have shown a variety of facts and circumstances, calculated to cast doubt and suspicion on her claim as being one grossly exaggerated. But our attention has been called to a point which we take to be decisive of this controversy, and which renders superfluous any comments, on our part, upon the testimony and the facts of the case. 2 Phillips on Insurance, 67.

The policy provides, "that in case the insured have already any other insurance against loss by fire on the property hereby insured, not notified to this corporation, and mentioned in or endorsed upon this policy, *then this insurance shall be void and of no effect;* and if the said insured or her assigns, shall hereafter make any other insurance on the same property, and shall not, with all reasonable diligence, give notice thereof to this corporation, and have the same endorsed on this instrument, or otherwise acknowledged by them in writing, *this policy shall cease and be of no effect;* and in case of any other insurance upon the property hereby insured, whether prior or subsequent to the date of this policy, the insured shall not, in case of loss or damage, be entitled to demand or recover, on this policy, any greater portion of the loss or damage sustained, than the amount hereby insured shall bear to the whole amount insured on the said property," &c.

The policy sued on mentions only two insurances besides that undertaken by the defendants, one effected in the office of the Louisiana State Insurance Company, and one in that of the Atlantic Insurance Company. On the trial below, it appeared from the oral and documentary evidence introduced by the plaintiff her-

self, that there had been a fourth policy underwritten by the Ocean Insurance Company on the same property. 'This insurance never having been notified to the defendants, nor endorsed on the policy sued on, nor otherwise acknowledged by them in writing, their counsel has urged that the plaintiff cannot recover, as her policy has become void and of no effect. The stipulations relied on by the defendants, are clear, explicit, and free from doubt. They apply, whether the policy taken out of the office of the Ocean Insurance Company was executed before or after the one in suit. In either case, it should have been communicated and endorsed on it. We find, moreover, if we recur to the condition, according to which this contract of insurance was entered into, that the third condition requires, as a part of the preliminary proof without which no recovery can be had, a declaration under oath "whether any, and what other insurance has been made on the same property." By failing to comply with the requirements of the policy, the plaintiff has precluded herself from the right of recovering under it. 1 Phill. Ins. 420. 16 Wendell, 400. 5 Hammond's Ohio Rep. 466. 16 Peters' Rep. 510. In the last case, in 16 Peters, it was held, that notice even of a voidable policy must be given to the underwriters, and that a mere parol notice of such insurance was not, of itself, a sufficient compliance with the stipulations of the policy; but that a prior policy should not only be notified to the company, but should be mentioned in or endorsed upon the policy declared on, otherwise the insurance was to be void and of no effect. The Supreme Court of the United States, in commenting upon the nature, importance, and sound policy of these clauses, say : " They are designed to enable the underwriters, who are almost necessarily ignorant of many facts which might materially affect their rights and interests, to judge whether they ought to insure at all, or for what premium ; and to ascertain whether there still remains any such substantial interest in the insured as will guaranty, on his part, vigilance, care, and strenuous exertions to preserve the property." Whatever may be the reason of these stipulations in the policy, they were known to the insured. She has, therefore, no right to complain ; for she agreed to comply, on her part, with all the stipulations, in order to entitle herself to the benefit of the contract. Upon no principle

of law or equity can she now call upon this court to relieve her from the performance of her agreement, and yet to hold the defendants to obligations which, but for these stipulations, they never perhaps would have entered into.

It is, therefore, ordered, that the judgment of the District Court be reversed, and that ours be for the defendants, with costs in both courts.

*Canon,* for the plaintiff.

*Grymes,* for the appellants.