Day, C. J.
The principal questions presented for our consideration in this case arise upon exceptions taken to the refusal of the court to charge the jury as requested by the plaintiff in error.
One proposition that the court refused to give in its instructions to the jury was as follows: “ That if, from the evidence, the jury find that Edward Phinney, while the owner of the Ghent stock, mortgaged it to any person, and, subsequent to the date of the policy made by the Washington Insurance Company on the Ghent stock, transferred the possession and control of the same to the mortgagees, it was such an alienation of the stock as rendered the policy issued by said company thereon void, under the stipulations therein contained.”
This proposition is consistent with the facts in the case, that the policy was made subsequent to the mortgage, and that the goods were delivered, pursuant to the mortgage, after the date of the policy. The delivery of the possession of the stock to the mortgagee upon a mortgage made before the insurance was effected, would not literally come within the stipulation contained in the policy, that, if the propei’ty “shall be sold and conveyed,” the policy shall bo void. It is to be presumed that the company knew that the property had then been conditionally sold, when the policy containing .a provision against future alienation was made.
The question made by the proposition was, whether the policy was invalidated by the surrender of the possession of the goods after the insurance was procured, upon a conveyance thereof executed previous to the insurance. As applicable to this case, in the light of the facts exhibited by the bill of exceptions, it is apparent that this was the real question made.
It appears that the policy was rhade subsequent to the *mortgage; that the policy was assigned to the mortgagee with the assent of the company; and that after the goods were delivered to the mortgagee, the company gave written permission for their removal from Ghent to Sharon, where they were burned. In a case like this, we think the court might well hold, that the transfer of the possession and control of the stock to the mortgagee was not, of itself, such a sale and conveyance of the property as would in *403 validate the policy. There was, therefore, no error in refusing to charge the jury as requested in the foregoing proposition.
The plaintiff in error further asked the court to charge the jury: “ That if, from the evidence, the jury find that the stock of goods in the Sharon store was insured by policies of insurance binding and valid at the time the Ghent stock was removed to the Sharon store, and expiring at a future date, and that the Ghent stock was merged with the Sharon stock and both sold from promiscuously, said insurance would cover the Ghent stock after it was so merged; and if the defendant had no notice, it would render its policy on the Ghent stock void.”
It is conceded that each of the policies procured by Phinney p'overed all such changes as the stock underwent in the natural course of business by ordinary purchases and sales. It is claimed, however, that the bringing together two old stocks would not come within the rule. This precise point is decided adversely to the defendant in error, in the case of Walton v. The Louisiana Ins. Co., 2 Rob. 563.
The evidence showed that when the Ghent stock of goods was removed to the Sharon store, they were put upon the shelves and mixed with the Sharon stock, and, from that time, the goods were sold promiscuously and treated as one stock. It is difficult to see why the goods removed from Ghent and mixed with the Sharon stock, were not accruing stock at the Sharon store the same as other goods brought there for sale from New York or any other place. If they were such accruing stock, they were undoubtedly embraced in the Humboldt and Manhattan policies, insuring the Sharon stock.
It does not appear that the Washington Insurance Company *was notified that the Sharon stock was insured in another company, nor that it in any manner consented that the Ghent stock should be covered by an insurance in another company.
The policy on which the action was brought contained a prolusion “ that if any other insurance has been or shall hereafter be made upon the said property not consented to in writing herein, • • • i this policy shall be null and void.”
It would seem to be clear, therefore, that if the stock of goods insured by the plaintiff in error were removed to and merged in the other stock while it was insured in other companies, the insurance on the latter stock would cover the goods in the other; *404 and that if such insurance was affected without the assent of the-plaintiff in error, its policy, by the terms thereof, was void.
Hut this is substantially what the plaintiff in error asked the-court to charge the jury. We think, therefore, that the court erred in refusing this request of the plaintiff in error.
It is unnecessary to notice the remaining propositions that the court refused to -give to the jury as requested by the plaintiff in. error, for the reason that they are made to depend so much on the-two we have considered, it does not seem to be essential.
As to the error alleged in overruling the demurrer to the petition, it only need be said here, that we think the demurrer was-properly overruled; but, as the questions involved arose chiefly upon the construction to be given to the facts stated in the petition, or were such as were cured by the pleading of the plaintiff' in error, a more extended report is not deemed necessary.
Judgment reversed, and cause remanded.
White, Welch, Brinkerhoee, and Scott, JJ., concurred.