No. 1335.—P. Duclos & Co. *v.* Citizens' Mutual Insurance Company.

The policy of insurance contained a stipulation as follows: "In case the insured shall have already any other insurance against loss by fire on the property insured, not notified to this corporation and mentioned in or indorsed upon this policy, this insurance shall be void and of no effect." And the insured takes out a second policy in another company on the same piece of property, without giving notice in the manner indicated in the first policy. Held—That by his failure to give notice, as stipulated in the first policy of the second insurance, he forfeited his right to recover on the first policy, the property insured having been destroyed by fire.

APPEAL from the Third District Court, parish of Orleans. *Fellowes*, J.   *C. Roselius* and *Alf. Philips*, for plaintiffs and appellees. *Carleton Hunt* and *L. Castera*, for defendants and appellants.

This case was tried by a jury in the court below.

TALIAFERRO, J.  The plaintiffs sue on a policy of insurance to recover from the defendants $8,958 12, the proportional amount claimed to be due by the company under the policy for losses alleged to have been sustained by fire to the extent of $13,432. The answer is a general denial. The defendants further aver that the policy sued upon is null and void by its conditions, the plaintiffs having taken a policy on the same risk with the Star Mutual Insurance Company without notice thereof to the defendants in violation of an express stipulation in the policy that "in case the insured shall have already any other insurance against loss by fire on the property hereby insured, not notified to this corporation and mentioned in or indorsed upon this policy, this insurance shall be void and of no effect. And if the said insured or their assigns shall hereafter make any other insurance on the same property, and shall not, with all reasonable diligence, give

notice thereof to this corporation and have the same indorsed in this instrument, or otherwise acknowledged by them in writing, this policy shall cease and be of no effect."

In the court below the case was before a jury, which rendered a verdict for the amount claimed. The defendants have appealed.

The policy upon which this action is founded bears date December 29, 1863, and was for one year. The plaintiffs had previously, viz: on the twenty-first of January, 1863, taken a policy on the same risk to the extent of $5000 from the Star Mutual Insurance Company for the period of one year. This policy was renewed for twelve months from the twenty-first of January, 1864, to the twenty-first January, 1865. It does not appear that the plaintiffs ever gave notice to the defendants of their having insured the same property in the office of the Star Mutual Insurance Company. No entry of such notice appears on the original act, nor does any acknowledgment of notice appear on the instrument. It would seem from the tenor of the act and from the current of decisions on this subject the plaintiffs have forfeited their right to recover from the defendants in this case. The cases reported in 3 Rob. 385 and 7 Rob. 351 are in point; 2 Peters 29, and 16 Peters 510.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that there be judgment in favor of the defendants—the plaintiffs paying costs in both courts.