Taliaferro, J.
The plaintiffs, it seems, insured with the defendants on the fourth of October, 1866, a stock of ladies and gentlemen’s fancy and furnishing goods, contained in a three story brick building having a roof of slate, situated on Canal street, between Burgundy and Rampart streets, for the period of one year, to the amount of five thousand dollars. On the night of the twenty-ninth of May, 1867, the building was destroyed by fire, causing the plaintiffs a heavy loss from the destruction by fire of a large portion of their goods. After an ineffect *64 ual effort to obtain indemnity from tbe insurers under tbe policy, tbe plaintiffs brought this action.
Tbe defendants answer that they are not bound under tbe contract for the reason that tbe plaintiffs on tbe twelfth of December, 1866, effected an insurance on the same stock of goods to the amount of five thousand dollars with tbe National Marine and Fire Insurance Company, without notice thereof to the defendants until after the occurrence of the fire; that the said policy of insurance entered into between the plaintiffs and defendants in this case, contains the following express clause, viz: “ If the said insured or their assigns shall hereafter make ■any other insurance on the same property and shall not, with all reasonable diligence, give notice thereof to this corporation, and have the same indorsed on this instrument or otherwise acknowledged by them in writing, this policy shall cease and be of no further effect.”
In the court below there was judgment in favor of the defendants, and plaintiffs have appealed. Two bills of exceptions are found in the record relating to the admission of testimony. The plaintiffs introduced Winehill, one of the plaintiffs, to establish that he had presented the policy taken with the National Marine and Fire Insurance Company, on the same property, to the president of the G-ermania Insurance Company, and that the latter replied to him : “It is not necessary except in case of fire to send us notice.” The testimony of a brother of Wine-hill’s, was also introduced to establish that Gustave Winehill, one of the insured and a plaintiff in the case, took from a safe belonging to the witness, the policy taken by the plaintiffs with the National, and also that taken by them with the Germania, and go over to the office of the latter for the purpose of presenting them to the president of the Germania. To all this testimony the defendants objected, being inadmissible, as they averred, to establish notice of the subsequent insurance with the National by parol evidence. The objection was overruled and the testimony admitted. We think the exception was well taken. But if the testimony were admissible, it falls short when closely examined and weighed with the plaintiffs’ evidence to establish “notice with all reasonable diligence.” The witness says : “After I received the policy from the National Marine Insurance Company, I took the policy of the Germania Insurance Company and brought both policies together to the Germania Insurance Company. There I found Mr. Michel, the president of the Germania Insurance Company. I said to him here is a policy which I have effected for $5000 more in the National Marine. I said that in German, distinctly, and handed him both policies there. After he looked at them and read the policies then he said in German i . “It is not necessary except in case of fire to send us notice.” In answer to the question what was done with the *65 policies? The witness replied: “He returned them to me.” Now on the other hand Michel, the president of the Germania Bank as a witness gave answers to the questions propounded to him as follows: State when you were first informed of the insurance in the National Marine and Eire Insurance Company effected by these plaintiffs on the stock of goods in that same store? Answer — •“ After receiving their notice, giving notice of the fire.” This notice in evidence, has date May 80, 1867, the morning after the fire. Will you please tell us if prior to that time Mr. Gustave Winehill ever called upon you to notify you of that subsequent insurance? Answer — “No.” Did you ever converse with him in regard to any subsequent insurance effected by him;or his firm on the stock of goods in that store 9 Answer — “ No.” Mr. Gustave Winehill has testified he had notified you verbally of that, and that you told him it was all right. Answer — “ No, it is not true.” You say that it is not true ? Answer — “ It is not.” You are very positive he never called upon you on that subject prior to the fire ? Answer — “ I am; he never did.”
Testimony of the conflicting character of that of these two witnesses should, at least, ceteris paribus, neutralize itself and go for nothing.
The testimony of Gustave Winehill does not pretend to fix any specific time when he went with the two policies to the president of the Germania. His counsel put no question to him to elicit the precise time at which he went to the Germania Bank to show these policies. The expression “after” I received the policy from the National Marine Insurance Company, I took the policy of the Germania Insurance Company and brought both policies together to the Germania Insurance Company, left him a large margin as to the time when he carried the policies. It may have been one day, one week, or one year after. “An express condition to prevent a forfeiture of the policy in such a case is that the insured shall have the notice of other insurances taken upon the same property indorsed upon the instrument, or otherwise acknowledged by the insurers in writing.” This plaintiff does not pretend that he required the president of the Germania to indorse such notice on the back of the policy or to acknowledge it in any other way. The propriety of such a clause in a policy of insurance is, perhaps, apparent in this case. Its purpose is to enable the insurance company to protect itself, and as well to avoid loose and unreliable evidence of notice given to them of subsequent policies being taken out on the property insured by them.
The testimony of the other witness, Morris Winehill, a brother of one of the plaintiffs, is, for the most part, hearsay, and of no weight whatever.
It was doubtless the conclusion of the judge a quo after admitting *66 parol testimony in this case, and seeing its want of force, that judgment should be rendered for the defendants.
We think it is clearly shown by many authorities that the rule which excludes parol evidence in such cases is well settled, and strictly adhered to. See 23 An. 332 ; 3 Rob. 385; 7 Rob. 351; 16 Peters 510.
It is therefore ordered that the judgment of the district court be affirmed with costs.
Moegan, J.
Plaintiffs insured their property in the Germania Insurance Company. Their policy expressly stipulates that “if the said insured or their assigns shall hereafter make any insurance on the same property, and shall not, with all reasonable diligence, give notice thereof to this corporation, and have the same indorsed on this instrument, or otherwise acknowledged by them in writing, this policy shall cease, and be of no further effect.” They effected insurance in another company, and did not cause the same to be indorsed on the Germania policy. Now, this was the contract between the parties, and it was absolutely binding upon them. If it was not complied with, the result is that the insurance was forfeited. It was not complied with. Plaintiffs, therefore, have no right to recover.
There is the testimony of one of the plaintiffs and his brother, that the defendants were notified of the subsequent insurance, and that they said “it was all right.” This is denied by-them. It was, possibly, to avoid the chance of any such conflict of testimony that the company insisted upon the clause in the policy which has been quoted. It may be true that the company were notified of the subsequent insurance, but it was not notice alone which they stipulated should be given; it was agreed that the notice should be indorsed on the policy.
Certainly, a case might arise where the want of the indorsement would not be fatal to the insured. As for instance, if it were established that the insured had given the notice and had demanded that the indorsement be made on his policy, and the proper officer of the company had refused. In such a case the company could not shield itself for a neglect to perform its obligation. But the assured should make this refusal clear, as for instance, by putting the company in default.
I therefore concur in the decree.
Mr. Justice Wyly concurs in this opinibn.
Howell, J.
In my opinion the presentation of the second policy of insurance was written notice of the highest character of such insurance, and if there was no indorsement thereof on the policy or other written evidence that such notice had been given, it is not the fault of the insured. He did his duty, and being informed by the president of the company that it was all right, and to give notice in case of loss, he had a right to rely on such action.
*67 To bold otherwise is simply to say, in my opinion, that the statement of the plaintiff and his brother is not believed.
I find nothing in the record to impeach their veracity beyond the denial of the president of the defendant company. They speak affirmatively and positively.
I therefore think the plaintiffs should recover.
Rehearing refused. .