The opinion of the court was delivered by
Manning, C. J.
This is an action upon a policy of insurance against fire. The claim is for six thousand dollars on a stock of furniture in the frame slated store on the corner of Magazine and Sixth streets, and one thousand dollars on furniture in a frame slated warehouse in its rear.
The defendant pleads in bar of recovery, that the policy is vitiated by the violation of that clause requiring written notice to be given it of insurance in other companies, and avers that the plaintiff insured the same property in the Lafayette insurance company, and failed to give notice thereof to the defendant.
The policy contains this clause; “ And provided further, that in case the insured shall have already any other insurance against loss by fire on the property hereby insured, not notified to this corporation, and *1387 mentioned in or endorsed upon this policy, then this insurance shall bpvoid, and of no effect, and if the said insured or his assignees shall hereafter make any other insurance on the same property, and shall not with all reasonable diligence give notice thereof to this corporation, and have the same endorsed on this instrument, or otherwise acknowledged by them in writing, this policy shall cease, and be of no effect.”
The policy is dated Nov. 22, 1871 and was renewed every year to the-same date 1874. On February 13, 1874 the plaintiff assigned his right in the policy to Mrs. Balser to the extent of $1,180. which the company approved, and the suit is to recover her interest as well as the plaintiff’s. On July 18,1874 the- plaintiff insured in the Lafayette company for two months for two thousand dollars, and the property is described in that, policy as “ stock of ready-made furniture contained in the two-story frame slated building situate on southeast corner of Magazine and Sixth, streets.”
The law upon the vitiation of a policy of insurance for non-compliance with the condition quoted above is well settled. The elementary writers are in accord upon it, and the point has been several times adjudicated by this court. 1 Phill. Insurance, 420. Walton v. La. Ins. Co., 2 Rob. 563. Battaille vs. Merch. Ins. Co. 3 Rob. 384. Leavitt v. West. Ins. Co. 7 Rob. 351.
It was attempted to be proved that the plaintiff did not know of this provision in the policy, but he ought to have known it. He had the-opportunity to know it. The clause is printed like other parts of the policy, and his negligence in not reading it is the only cause of his ignorance of its stringent provision. He agreed on his part to comply with, that stipulation as fully as he agreed to pay the premium, and is now barred from recovery for failure to do so. When he calls upon a court to compel the company to fulfill its part of the obligation, he must show that he has fulfilled all the conditions into which he entered.
The plaintiff insists that the rule of vitiation of policy, for want of notice of other insurance does not apply here, because he had brought, suit against the Lafayette company without success (for misdescription of policy), and as that contract cannot be enforced, it should not constitute a breach of the one he is now trying to enforce. But the clause of the policy set up against him is, not that if he should attempt to make an enforceable contract with other insurance companies and should fail in doing so, that his contract with the defendant should be at an end, but it forbade him to insure elsewhere absolutely without, giving notice, and obtaining consent.
He also urges that there were two separate risks, one on the furniture in the corner store, and the other on that in the warehouse, and his-insurance in the Lafayette company was on one only of these, and can. *1388 not therefore affect the other. There was but one policy issued by the -defendant, and the stipulation covering subsequent insurance applied to the property as a whole, and that was that the insurance then •effected should not be good if the plaintiff afterward effected any other “ on the property 1 e:eby insured.”
We are not disposed to think the plaintiff has acted fraudulently. His insured stock is proved to have been worth much more than the amount of his insurance. Like Leavitt’s case in 7 Bob. it is one of hardship, but the plaintiff can only blame himself that he did not inform himself fully of all the conditions of the policy. The clause in •question is one of the most usual conditions of insurance policies, or rather it is inserted in all of them.
There is error in the judgment of the lower court, and therefore it is ordered, adjudged, and decreed that that judgment is’avoided, and reversed, and that there be now judgment in favor of the defendant ■against the plaintiff upon his demand, and for costs.